THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SURREY OAKS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-00516 |
| | § | |
| EVANSTON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT EVANSTON INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Evanston Insurance Company ("Defendant") files this Notice of Removal under 28 U.S.C. § 1446(a) and states:

## I.
## INTRODUCTION

1. On May 19, 2016, Surrey Oaks LLC ("Plaintiff") filed suit against Defendant in the 352nd Judicial District Court for Tarrant County, Texas – Cause Number 352-285551-16.

2. Defendant was served with Plaintiff's Original Petition on May 24, 2016. Defendant thus files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action was filed is located in this District.

## II.
## BASIS FOR REMOVAL

4. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees). These two conditions are clearly satisfied in this matter.

**A.     Citizenship of the Parties**

5.     Upon information and belief, Plaintiff is an inactive Washington limited liability company with its former principal place of business in Kent, Washington.[1] The citizenship of a limited liability company is determined by the citizenship of its members.[2] Although Plaintiff is no longer an active entity, the former members of the entity were Stanley Xu and Nanling Chen. Both of these individuals are citizens of Washington.  Plaintiff is thus a citizen of Washington for purposes of diversity jurisdiction.

6.     Defendant is an Illinois insurance company with its principal place of business in Deerfield, Illinois. Pursuant to 28 U.S.C. § 1332(c), Defendant is deemed to be a citizen of Illinois.

7.     Because Plaintiff is as citizen of Washington for diversity jurisdiction purposes, and Defendant is a citizen of Illinois for diversity jurisdiction purposes, there is complete diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

8.     Defendant's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied if it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees.[3]

9.     Here, Plaintiff's Petition states that Plaintiff is seeking a judgment against

---

[1]  Plaintiff's counsel initially advised that his client was Surrey Oaks LLC, and provided evidence of the incorporation of Surrey Oaks LLC, a Washington Limited Liability Company. After counsel for Evanston advised that Surrey Oaks LLC was voluntarily dissolved in 2009, Plaintiff's counsel asserted that his client is Mr. Stanley Xu, doing business as Surrey Oaks LLC. Mr. Xu, as noted above, is also a citizen of Washington state and thus complete diversity of citenzship exists either way.

[2]  *See Harvey v. Grey Wolf Drilling, Co*., 542 F.3d 1077, 1090 (5th Cir. 2008).

[3]  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

Defendant in the amount of $211,085.47.[4] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### C.     The Conditions for Removal are Satisfied

10.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal is proper under 28 U.S.C. § 1332(a).

### III.
### CONCLUSION

11.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas promptly after the filing of this Notice.

12.     As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a.     an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court;

    b.     a copy of the docket sheet in the state court action;

    c.     each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d.     a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be

---

[4]     *See* Plaintiff's Original Petition at page 4, ¶ 11.

given to all adverse parties promptly after the filing of this Notice.

14. For the foregoing reasons, Defendant hereby provides notice that this action is duly removed.

          Respectfully submitted,

          **ZELLE LLP**

          By: */s/ Thomas H. Cook, Jr.*
              Thomas H. Cook, Jr.
              Texas Bar No. 00783869
              Tcook@zelle.com
              Tyler J. McGuire
              Texas Bar No. 24098080
              Tmcguire@zelle.com

          901 Main Street, Suite 4000
          Dallas, TX  75202-3975
          Telephone:  214-742-3000
          Facsimile:  214-760-8994

          **ATTORNEYS FOR DEFENDANT**
          **EVANSTON INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that, on June 22, 2016, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Russell J. Bowman
State Bar No.02751550
russelljbowman@sbcglobal.net
LAW OFFICE OF RUSSELL J. BOWMAN, PC
800 West Airport Freeway, Suite 860
Irving, TX  75062
Telephone:  214-922-0220
Facsimile:  214-922-0225
**ATTORNEY FOR PLAINTIFF**

          */s/ Thomas H. Cook, Jr.*
            Thomas H. Cook, Jr.