U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 6 2016
11 2 8 am

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SURREY OAKS LLC | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-516-A |
| | § | |
| EVANSTON INSURANCE COMPANY | § | |
| Defendant. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Surrey Oaks LLC, files this Amended Complaint, as required by the Court's July 26, 2016 Order (Doc. No. 8), and in support of same, would show the following:

1.

Plaintiff would show that subject matter jurisdiction exists in this matter under Title 28, Section 1332 of the United States Code, as it involves a controversy between citizens of different states, Surrey Oaks, which is a citizen of the State of Washington, and Evanston Insurance Company, which is a citizen of the State of Illinois, and the amount in controversy, exclusive of interest and costs, is over $75,000, and in fact, is well over $200,000.

2.

Plaintiff would show that venue under Title 28, Section 1391 of the United States Code, as a substantial of the events giving rise to this lawsuit occurred in Tarrant County, Texas, so that venue of this lawsuit would properly lie with the Northern District of Texas, Fort Worth Division.

3.

Defendant, Evanston Insurance Company ("Evanston"), is a surplus lines insurer eligible to do business in the State of Texas and engaged in the business of insurance in the State of Texas, who

has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Thomas H. Ccook, Jr., 901 Main Street, Suite 4000, Dallas, Texas 75202-3975.

4.

Surrey Oaks is the named insured on Policy No. 1P50521 (hereinafter referred to as the "Policy") issued by Evanston. The Policy provides property insurance coverage for the Surrey Oaks Apartments located at 525 King George Drive, Fort Worth, Texas (hereinafter referred to as the "Insured Property").

5.

While the Policy was in effect, the Surrey Oaks Apartments suffered a loss that was covered under the Policy, which loss was assigned Claim No. P030667 by Evanston. The loss was adjusted by Evanston, resulting in Evanston issuing its Check No. 10036355 on May 23, 2012 in the amount of $211,085.47. Evanston breached its contract with Surrey Oaks on May 23, 2012, when Evanston issued this payment without having Surrey Oaks LLC named as a payee on such check. As a result, Surrey Oaks never received the insurance proceeds to which it was entitled under the Policy for Claim No. P030667.

6.

Surrey Oaks would show this lawsuit is timely filed, and is not barred by limitations, as the "LEGAL ACTION AGAINST US" provision contained in the Policy providing that suit must be brought within two years and one day after the date of the physical loss or damage would be unenforceable under Texas law, since it provides for a limitations period that is not greater than two years, as required by Section 16.070 of the Texas Civil Practice and Remedies Code, and is therefore void and unenforceable. Cases reflecting this include *Spicewood Summit Office Condominiums*

*Association v. America First Lloyd's Insurance Company*, 287 S.W.3d 461, 466-68 (Tex.App.-Austin 2009, rev. denied); *Culwell v. St. Paul Fire & Marine Ins. Co.*, 79 S.W.2d 914 (Tex.Civ.App.-Eastland 1935, writ dism'd); *American Surety Co. v. Martinez*, 73 S.W.2d 109, 112 (Tex.Civ.App.-El Paso 1934, writ ref'd); *Salazar v. Capitol County Mutual Fire Ins. Co.*, 1998 WL 201599 (Tex.App.-San Antonio 1998). As such, Section 16.051 of the Civil Practice and Remedies Code would apply, so that Surrey Oaks would have four years from May 23, 2012, which is the date Evanston breached the contract (i.e., the Policy) with Surrey Oaks, to file suit. This lawsuit is being filed within that time frame, so it is not barred by limitations.

7.

Surrey Oaks that it suffered a loss to the Insured Property that is covered under the Policy. Evanston's liability under the Policy for that loss became reasonably clear on May 23, 2012, the date it issued the check described above. Evanston's failure to have Surrey Oaks named as payee on the check is a breach of the Policy, and a violation of Chapter 542.051 et. seq. of the Texas Insurance Code, known as the Prompt Payment of Claims Act.

8.

All conditions precedent under the Policy for paying Surrey Oaks for the loss described above have taken place, yet Evanston simply failed to pay Surrey Oaks. This is a violation of the Prompt Payment of Claims Act, subjecting Evanston to the 18% per annum penalty and attorney's fees provided in that statute. Specifically, under Insurance Code Chapter 542.051 et. seq., the 18% per annum interest allowed under that chapter would begin accruing after the expiration of sixty days from when the insurer was required to make payment. Here, such interest would begin accruing on July 23, 2012, which is the 61st day after Evanston failed to name Surrey Oaks on the check Evanston

issued on May 23, 2012.

9.

Surrey Oaks would show that Evanston's actions described above in issuing payment without having Surrey Oaks as the payee on the check issued by Evanston would be a breach of the insurance contract, entitling Surrey Oaks to the amount of $211,085.47 that is owed under the Policy.

10.

Surrey Oaks would seek reasonable and necessary attorney's fees from Evanston pursuant to Section 38.001 of the Civil Practice & Remedies Code, and also pursuant to Section 542.060 of the Texas Insurance Code. Surrey Oaks would seek such attorney's fees through the entry of judgment in this case, and for any subsequent appeal to the Fifth Circuit Court of Appeals or Texas Supreme Court. In addition, Surrey Oaks would seek the 18% per annum penalty allowed under Section 542.060 of the Texas Insurance Code on all proceeds due under the Policy, in accordance with the Prompt Payment of Claims Act, and seeks such interest from June 23, 2012 (which would be the 61st day after Evanston issued payment on May 23, 2012) through the date of judgment entered in this lawsuit.

For all of the above reasons, Plaintiff, Surrey Oaks, LLC, prays that Defendant Evanston Insurance Company be cited to answer and appear, and that upon final hearing, that Plaintiff have judgment against Defendant Evanston Insurance Company in the amount of $211,085.47, plus 18% on that amount accruing from July 23, 2012 through the date of judgment in this matter, for reasonable and necessary attorney's fees through the trial of this matter, and for any appeal to the applicable court of appeals and/or Texas Supreme Court, common law or statutory prejudgment interest at the maximum rate and amount allowed by law, and post judgment interest at the

maximum rate allowed by law, all taxable costs of court, and any other relief, at law or at equity, to which Plaintiff may be entitled.

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway
Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing document as indicated below, on this the 15th day of August, 2016:

Mr. Thomas H. Cook, Jr.                    VIA E-MAIL - tcook@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975

Russell J. Bowman