ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 1 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SURREY OAKS LLC                  §
    Plaintiff,                §
                                 §
v.                               §      CIVIL ACTION NO. 4:16-CV-516-A
                                 §
EVANSTON INSURANCE COMPANY       §
    Defendant.                §

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiffs, Surrey Oaks LLC, and Stanley Xu and Nanling Chen as real parties in interest, file

this Second Amended Complaint, and in support of same, would show the following:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs would show that subject matter jurisdiction exists in this matter under Title 28,

Section 1332 of the United States Code, as it involves a controversy between citizens of different

states, and the amount in controversy, exclusive of interest and costs, is over $75,000, and in fact,

is well over $200,000.

2.

Surrey Oaks LLC is a limited liability company formed under the laws of the State of

Washington, and whose principal place of business, as it is winding up its affairs, is in the State of

Washington. Stanley Xu and Nanling Chen are citizens of the State of Washington, being

individuals residing in and domiciled in the State of Washington. Evanston Insurance Company, is

a citizen of the State of Illinois, being a corporation formed under the laws of the State of Illinois and

having its principal place of business in the State Illinois.

3.

Plaintiffs would show that venue under Title 28, Section 1391 of the United States Code is proper, as a substantial portion of the events giving rise to this lawsuit occurred in Tarrant County, Texas, so that venue of this lawsuit would properly lie with the Northern District of Texas, Fort Worth Division.

4.

Defendant, Evanston Insurance Company ("Evanston"), is a surplus lines insurer eligible to do business in the State of Texas and engaged in the business of insurance in the State of Texas, who has appeared in this lawsuit, and who may be served with this pleading by service on its attorney of record, Thomas H. Cook, Jr., 901 Main Street, Suite 4000, Dallas, Texas 75202-3975.

**FACTS OF LOSS**

5.

Evanston issued its Policy No. 1P50126-0 (hereinafter referred to as the "Policy") issued by Evanston. The Policy provided property insurance coverage for the Surrey Oaks Apartments located at 525 King George Drive, Fort Worth, Texas (hereinafter referred to as the "Insured Property") for the period from December 17, 2010 to December 17, 2011.

6.

While the Policy was in effect, the Surrey Oaks Apartments suffered a loss on or about May 25, 2011 that was covered under the Policy. This loss was assigned Claim No. P030667 by Evanston. The loss was adjusted by Evanston, resulting in Evanston issuing its Check No. 10035355 on May 23, 2012 in the amount of $211,285.47. Evanston issued this payment without having Surrey Oaks LLC named as a payee on such check. Surrey Oaks LLC made a claim to Evanston in

writing, on or about August 24, 2012, for these proceeds. Evanston denied that claim on October 15, 2012. As a result, Surrey Oaks LLC never received the insurance proceeds to which it was entitled under the Policy for Claim No. P030667.

## SUIT IS TIMELY BROUGHT

7.

Plaintiffs would show this lawsuit is timely filed, and is not barred by limitations. There is no contractual limitations period contained in the Policy. That being the case, the four year statute of limitations contained in Section 16.051 of the Civil Practice and Remedies Code would apply. Texas law is clear that the statute of limitations for breach of an insurance policy begins to run when the loss is denied. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990); *Stewart Title Guar. Co. v. Hadnot*, 101 S.W.3d 642, 645 (Tex.App.-Houston [1st Dist.] 2003, pet. denied); *Willoughby v. Metropolitan Lloyds Ins. Co. of Texas*, 548 Fed.Appx. 121, 123 (5th Cir. 2013)(applying Texas law). The claim being asserted by Plaintiffs that is involved in this lawsuit was denied by Evanston on October 15, 2012. This lawsuit, and more specifically the motion for leave to file this Second Amended Complaint, are both filed within four years of October 15, 2012, so that the claims brought by Plaintiffs in this lawsuit are not barred by limitations. Further, under FRCP 15(c)(1)(A) and FRCP 15(c)(1)(B), the filing of this Second Amended Complaint would relate back to the filing of Plaintiff's Original petition in this lawsuit on May 19, 2016.

## BREACH OF CONTRACT CAUSE OF ACTION

8.

Management of Surrey Oaks LLC purchased the Surrey Oaks Apartments from Surrey Oaks LLC, with such purchase being owner financed by Surrey Oaks LLC, and Surrey Oaks LLC having

a vendor's lien and Deed of Trust securing such purchase by Management of Surrey Oaks LLC. Copies of these documents are attached as Exhibits "A" and "B" respectively, to this Second Amended Complaint. Pursuant to the terms of the Deed of Trust, Management of Surrey Oaks LLC was required to obtain insurance on the Surrey Oaks Apartments and to have Surrey Oaks LLC named as an additional insured on any property insurance policy insuring the apartments. Under the deed of trust, any proceeds that would be paid under any insurance policy insuring the Surrey Oaks Apartments, such as the Policy, would belong to Surrey Oaks LLC.

9.

The fact that Management of Surrey Oaks LLC was required to obtain property insurance insuring the Surrey Oaks Apartments, and was required to have Surrey Oaks LLC named as an additional insured under such insurance policy, is important, because under Texas law, where the debtor/purchaser/buyer has agreed to insure property for the benefit of the vendor/seller/lender, but does not have the seller/lender/vendor named on the policy: (1) equity treats the policy as being issued with the vendor/seller/lender as being named on the policy; (2) the vendor/seller/lender will have an equitable lien on insurance proceeds due under the policy; and (3) the vendor/seller/lender may sue the insurer directly for proceeds due under the policy. *Wade v. Seeburg*, 688 S.W.2d 638, 639 (Tex.App.-Texarkana 1985, no writ); *Westchester Fire Insurance Co. v. English*, 543 S.W.2d 407, 414-15 (Tex.Civ.App.-Waco 1972, writ ref'd n.r.e.); *Farmers Insurance Exchange v. Nelson*, 479 S.W.2d 717, 721 (Tex.Civ.App.-Waco 1972, writ ref'd n.r.e.); *Abilene White Truck Co. v. Petrey*, 384 S.W.2d 211, 213 (Tex.Civ.App.-Fort Worth 1964, writ ref'd n.r.e.).

10

As the deed of trust required Surrey Oaks LLC to be named as an additional insured on the

Policy, under Texas law the Policy will be treated as having been issued with Surrey Oaks LLC being named as an insured on the Policy.  As such, Evanston was required to include Surrey Oaks LLC as a payee on the check (No. 10035355) issued by Evanston for $211,285.47 on Claim No. P030667.  By failing to do this, Evanston breached the Policy, so that Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as real parties in interest, are entitled to damages of $211,285.47 under the Policy.

### EVANSTON'S OF DEED OF TRUST

11.

If Evanston wants to claim it was unaware of what is contained in the documents that are attached as Exhibits "A" and "B' to this Second Amended Complaint, such would not provide a defense to Evanston.  This is because the law would impose knowledge on Evanston's part of the deed records whereby Evanston's named insured (Management of Surrey Oaks LLC) was required to have Surrey Oaks LLC named as an additional insured on the Policy.

12.

A person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records. *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981).  Such constructive notice creates an irrebutable presumption of actual notice. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 887 (Tex. 1998); *Mooney*, 622 S.W.2d at 85.  Land title/deed records create such constructive notice, and thereby an irrebutable presumption of actual notice. *Ford v. Exzxon Mobil Chem. Co.*, 235 S.W.2d 615, 617 (Tex. 2007); *HECI*, 982 S.W.2d at 887; *Hooks v. Samson Lone Star*, 457 S.W.3d 52, 59 (Tex. 2015).  This principle of knowledge/notice has also been codified.  See Section 13.002 of the Texas Property Code, which provides that an instrument

properly recorded in the proper county is notice to all persons of the existence of the instrument.

13.

Under Texas law, an irrebutable presumption of actual notice on Evanston's part would exist

of the deed records filed in Tarrant County, Texas showing that Surrey Oaks LLC was required to

be named as an insured under the Policy. Thus, Evanston was charged with actual knowledge that

Surrey Oaks LLC was required to be named as an additional insured under the Policy. Texas law

would treat the Policy as having been issued with Surrey Oaks LLC being an additional insured

under the Policy. As such, Evanston's assertion that Surrey Oaks LLC was not named as an insured

under the Policy, so that Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as the real

parties in interest, is/are not entitled to the $211,285.47 owed under the Policy, is without merit.

## EVANSTON'S MERITLESS PAYMENT DEFENSE

14.

Evanston is asserting that it has paid the claim, so that it would have no further liability in

this matter. Such a defense would be without merit, because the payment made by Evanston by its

Check No. 10035355 has not discharged its obligation under the Policy.

15.

The fact that Evanston issued a check payable to Management of Surrey Oaks and the named

mortgagee on the policy, and that such check was deposited by Management of Surrey Oaks without

the endorsement of the named mortgagee, would not discharge Evanston's liability on either the

instrument, i.e., the check, or discharge the underlying obligation, which in this case would be the

liability under the Policy for the insurance claim involved in this lawsuit. Reflecting this is *McAllen*

*Hospitals, L.P. v. State Farm County Mutual Insurance Company of Texas*, 433 S.W.3d 535, 539-40

(Tex. 2014). There, the Texas Supreme Court held that an insurer's issuance of checks payable to the insured and the mortgagee which the insured deposited without the mortgagee's endorsement did not discharge the insurer's liability on either the instrument (the check), or the underlying obligation. *McAllen*, 433 S.W.3d at 539-40.

16.

*McAllen Hospitals* would apply to this case, even though the insurance claim involved in this lawsuit arose prior to the Texas Supreme Court's decision in *McAllen Hospitals*. This is because the *McAllen Hospitals* decision would be applied retroactively. *ViewPoint Bank v. Allied Property and Cas. Ins. Co.*, 439 S.W.3d 626, 631 fn. 4 (Tex.App.-Dallas 2014, rev. denied). Therefore, Evanston's payment defense would be without merit, as the payment issued by Evanston does not discharge the liability it would have to Surrey Oaks LLC.

## EVANSTON'S MERITLESS LACK OF CAPACITY DEFENSE

17.

Evanston asserts that Surrey Oaks LLC lacks capacity to bring this suit, because it has been dissolved. Such would not provide Evanston with a defense.

18.

Under FRCP 17(b)(3), the Court would apply the law the law of the State where the Court is located, which here is Texas. Under Texas law, in determining whether a dissolved foreign entity has the capacity to sue or be sued, the court looks to the law of the state where the entity was organized. *Miller Management Co., Inc. v. State*, 140 Tex. 370, 167 S.W.2d 728, 730-31 (1943); *Country Cupboard, Inc. v. Texstar Corporation*, 570 S.W.2d 70, 72 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.); *Lend Lease Dedicated Services v. Air Liquide America Corporation*, 2001 WL 722570,

at *2 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (not designated for publication). As the following illustrates, Surrey Oaks LLC would clearly have capacity under Washington law to bring this lawsuit.

19.

Surrey Oaks LLC was a limited liability company formed under Washington law. In *Chadwick Farms Owners Association v. FHC LLC*, 166 Wash.2d 178, 207 P.3d 1251, 1263 (2009), the Supreme Court of Washington held that once a limited liability company's certificate of formation is canceled, the limited liability company no longer has the capacity to sue.

20.

Capacity is a procedural issue addressing the personal qualification of a party to litigate. *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005); *Republic Petroleum LLC v. Dynamic Offshore Resources NS LLC*, 474 S.W.3d 424, 431 (Tex.App.-Houston [1st Dist.] 2015, rev. denied). Where an issue concerns a procedural matter, the court applies the law that is in effect at the time that the suit or contest is brought. *Blonstein v. Blonstein*, 831 S.W.2d 468, 472 (Tex.App.-Houston [14th Dist.] 1992), *writ denied per curiam*, 848 S.W.2d 82 (Tex. 1992); *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999).

21.

This lawsuit was filed on May 19, 2016. At the time this lawsuit was filed, the Washington Legislature had enacted RCW 25.15.297 (2016). RCW 25.15.297(2)(a) allows a dissolved limited liability company, as part of winding up its activities, to prosecute actions and proceedings, including civil ones. The insurance claim involved in this matter is part of winding up Surrey Oaks LLC's activities. In short, the procedural matter of a dissolved limited liability company lacking standing

to sue was changed by RCW 25.15.297 so that a dissolved limited liability company may prosecute suits in its name as part of winding up its activities. As that portion of the statute deals with the issue of capacity, which is a procedural issue, that statute would apply to this lawsuit, so that Surrey Oaks LLC would have the capacity to bring suit in this matter against Evanston. Therefore, Evanston's lack of capacity defense would be without merit.

22.

Even if somehow RCW 25.15.297 were not to apply, then the claims being made in this matter against Evanston would belong to Stanley Xu and Nanling Chen, as real parties in interest. Under Washington law, when a limited liability company is cancelled without having disposed of its assets, ownership of the assets passes to the owners of the limited liability company. *Sherron Associates Loan Fund V (Mars Hotel) LLC v. Saucier*, 157 Wash.App. 357, 237 P.2d 338, 341-42 (2010). Therefore, when Surrey Oaks LLC was canceled, ownership of its rights under the deed of trust and vendor's lien held by Surrey Oaks LLC, and the corresponding rights that would exist under the Policy, passed to Stanley Xu and Nanling Chen as the real parties in interest, as they are the owners/managing members of Surrey Oaks LLC. Therefore, there is no lack of capacity which would preclude this lawsuit, as either Surrey Oaks LLC has capacity under RCW 25.15.297 to bring this suit, or if it does not, such capacity would exist in Plaintiffs Stanley Xu and Nanling Chen, as the real parties in interest and owners of Surrey Oaks LLC.

**CHAPTER 542 INSURANCE CODE CLAIMS**

23.

As Evanston breached the Policy as concerns Surrey Oaks LLC, Evanston would be liable under Chapter 542.051 et. seq. of The Texas Insurance Code for the 18% interest and attorney's fees

allowed under that statute. Evanston asserts claims under that statute are subject to a two year statute of limitations, so that any claim for relief under Chapter 542 of the Insurance Code is barred by limitations. That is clearly not the case.

24.

First, the only two year statute of limitations contained in the Insurance Code is Section 541.162 of the Insurance Code. That statute provides that claims brought under that chapter (being Chapter 541) must be brought within two years. That provision only applies to claims brought under Chapter 541 of the Insurance Code. No claim is being brought under Chapter 541 of the Texas Insurance Code. Therefore, Section 541.162 is not applicable.

25.

Second, all Chapter 542.051 et. seq. does is provide remedies available to an insured when the insurer has breached the contract. That chapter specifically provides for damages that can be recovered (18% interest), and attorney's fees, when the insurer has been found to have breached the insurance policy. Thus, as long as the claim under the insurance policy is not barred by limitations, neither is the claim for the 18% interest and attorney's fees under Chapter 542. As demonstrated above, the claim being made against Evanston for breach of the Policy is not barred by limitations, so that the claims for the 18% interest and attorney's fees made under Section 542.060 of the Insurance Code are not barred by limitations.

26.

Third, and finally, nothing in Chapter 542 of the Insurance Code, or any other statute, provides for an express limitations period in which to bring a claim for relief under Insurance Code Chapter 542. As there is no express limitations period provided for Chapter 542 claims, under

Section 16.051 of the Civil Practice and Remedies Code, the statute of limitations for a claim for the 18% interest and attorney's fees under Chapter 542 would be four years, as was so held by the court in *Rx.com Inc. v. Hartford Fire Insurance Company*, 426 F.Supp.2d 546, 564 (S.D. Tex. 2006).

27.

Evanston became liable under the Policy when it denied Surrey Oaks LLC's claim on October 15, 2012. This would entitle Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as the real parties in interest, to 18% interest on the $211,285.47 owed under the Policy, and attorney's fees, under Insurance Code Section 542.060. Under Section 542.058(a), the 18% interest would begin accruing at the latest on December 15, 2012, or other date to be established by the Court or the jury, and continue up to the date of the judgment rendered in this matter. Plaintiffs would seek recovery of this 18% interest from Evanston for the maximum period possible, as well as reasonable attorney's fees through the entry of judgment with this court, and for any subsequent appeal(s) of the case.

## TEXAS PREJUDGMENT INTEREST

28.

In addition to the 18% Insurance Code interest, Evanston would be liable to Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as the real parties in interest, for the prejudgment interest that would be recoverable under Texas law. In diversity cases involving Texas law, Texas law governs the award of prejudgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011).

29.

Under Texas law, six percent prejudgment interest would be owed under Section 302.002

of the Texas Finance Code (formerly article 5069-1.03) when an insurance company wrongfully denies payment of a claim under an insurance policy. *State Farm Fire and Casualty Insurance Company v. Vandiver*, 970 S.W.2d 731, 746 (Tex.App. - Waco 1998, no pet.). As the provisions are unchanged, cases interpreting the former article 5069-1.03, such as *Vandiver*, would be applicable in applying section 302.002 of the Texas Finance Code. Under the former article 5069-1.03, and therefore section 302.002 of the Texas Finance Code, the six percent prejudgment interest allowed by that statute begins accruing thirty days after payment would be required under the insurance policy.

30.

Payment under the Policy would have been due to Surrey Oaks LLC by October 15, 2012 at the latest. Six percent prejudgment interest (simple interest) would be owed on the breach of contract damages of $211,285.47, beginning at least on November 15, 2012 through the date preceding the date of judgment. Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as the real parties in interest, seek recovery of the six per cent prejudgment interest allowed under Section 302.002 of the Texas Finance Code beginning from November 15, 2012, or other date to be established by the Court or the jury, through the date preceding the date of the judgment.

## **CONDITIONS PRECEDENT**

31.

All conditions precedent under the Policy and the other claims asserted in this matter have taken place.

## **CLAIM FOR ATTORNEY'S FEES**

32.

Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as the real parties in interest, would seek reasonable and necessary attorney's fees from Evanston pursuant to Section 38.001 of the Civil Practice & Remedies Code, and also pursuant to Section 542.060 of the Texas Insurance Code. Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as the real parties in interest, would seek such attorney's fees through the entry of judgment in this case, and for any subsequent appeal to the Fifth Circuit Court of Appeals or Texas Supreme Court.

For all of the above reasons, Plaintiffs, Surrey Oaks LLC, and Stanley Xu and Nanling Chen as the real parties in interest, pray that upon final hearing, that Plaintiff Surrey Oaks LLC, or alternatively Stanley Xu and Nanling Chen as real parties in interest, have judgment against Defendant Evanston Insurance Company for: $211,285.47 on the breach of contract claim, plus 18% interest on that amount accruing at least from December 15, 2012, or other date to be established by the Court or the jury, through the date of judgment in this matter, six per cent interest under Section 302.002 of the Finance Code on the amount of $211,285.47 accruing at least from November 15, 2012, or other date to be established by the Court or the jury, through the date of judgment in this matter, reasonable and necessary attorney's fees through the trial of this matter and for any appeal to the applicable court of appeals and/or Texas Supreme Court, post judgment interest at the maximum rate allowed by law, all taxable costs of court, and any other relief, at law or at equity, to which Plaintiffs may be entitled.

Respectfully submitted,

Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway
Suite 860

Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document as indicated below, on this the 11th day of October, 2016:

Mr. Thomas H. Cook, Jr.                    VIA E-MAIL - tcook@zelle.com
Zelle LLP
901 Main Street, Suite 4000
Dallas, Texas 75202-3975

Russell J. Bowman

D209237361

②

**Electronically Recorded**
Official Public Records
NATC GF 14701-09-00237/HN

Tarrant County Texas
2009 Sep 03 12:48 PM
Fee: $ 64.00

**D209237361**

NOTICE OF CO~~Aryenne Henderson~~: IF YOU ARE A NATURAL PERSON, YOU
MAY REMOVE OR STRIKE OUT ANY OF THE FOLLOWING INFORMATION FROM
THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:
YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## DEED OF TRUST

### Terms

| | |
|---|---|
| Date: | August 28, 2009 |
| Grantor: | Management of Surrey Oaks LLC |
| Grantor's Mailing Address: | 9086 Alexandra Circle, Wellington, Florida 33414 |
| Trustee: | Bryon R. Hamner |
| Trustee's Mailing Address: | 301 Commerce Street, Suite 1500, Fort Worth, Texas 76102-4115 |
| Beneficiary: | Surrey Oaks, LLC, a Washington limited liability company |
| Beneficiary's Mailing Address: | 12000 NE 8th Street, Suite 200, Bellevue, Washington 98005 |

Note 1

| | |
|---|---|
| Date: | Of even date herewith |
| Original principal amount: | Two Million One Hundred Eighteen Thousand Seven Hundred Eighty-Two and 42/100 Dollars ($2,118,782.42) |
| Maker: | Management of Surrey Oaks LLC |
| Payee: | Surrey Oaks, LLC, a Washington limited liability company |
| Maturity date: | August 28, 2013 |

Note 2

| | |
|---|---|
| Date: | Of even date herewith |
| Original principal amount: | Five Hundred Thirty-One Thousand Two Hundred Seventeen and 58/100 Dollars ($531,217.58) |
| Maker: | Management of Surrey Oaks LLC |
| Payee: | Surrey Oaks, LLC, a Washington limited liability company |
| Maturity date: | August 28, 2013 |

229533v4                                                    DEED OF TRUST - Page 1





D209237361

Property (including any improvements):

All of that certain tract or parcel of real property located in Tarrant County, Texas as more particularly described on Exhibit A attached hereto and incorporated herein by reference.

Prior Lien:

The July 19, 2004 Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, securing the payment of the Adjustable Rate Promissory Note of even date therewith in the original principal amount of $2,287,500.00, payable to CitiBank, FSB, a federal savings bank, as payee, a copy of which has been provided to Grantor (the "Prior Note"), recorded on July 20, 2004 under Clerk's File No. D204225058, Official Public Records, Tarrant County, Texas, executed by Beneficiary to Robert A. Rosenthal, Trustee for the benefit of CitiBank, FSB, a federal savings bank, and all the terms, conditions, and stipulations contained therein, including, but not limited to, any additional indebtedness, and secured by said instrument and that certain Absolute Assignment of Rents and of Landlord's Interest in Leases from Beneficiary to CitiBank, FSB, a federal savings bank, dated July 19, 2004, filed July 20, 2004, recorded under Document No. D204225059, Official Public Records, Tarrant County, Texas, as assigned by that certain Assignment of Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing from CitiBank, N.A., a national banking association, successor by merger to CitiBank, FSB, a federal savings bank, to Fannie Mae, dated effective June 20, 2008, filed August 5, 2008, recorded under Document No. D208305271, Official Public Records, Tarrant County, Texas.

Other Exceptions to Conveyance and Warranty:

Those matters set forth on Exhibit B attached hereto and incorporated herein by reference.

For value received and to secure payment of Note 1 and Note 2 (collectively, the "Note"), Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of Note 1 and Note 2 and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Beneficiary will release it at Grantor's expense.

Clauses and Covenants

A.    Grantor's Obligations

Grantor agrees to ---

1.    keep the Property in good repair and condition;

2.    pay all taxes and assessments on the Property before delinquency;

3.    defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.    maintain all insurance coverages with respect to the Property, revenue generated by the Property, and operations on the Property that Beneficiary reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Beneficiary and deliver evidence of the

DEED OF TRUST - Page 2



TRUE AND CORRECT COPY OF ORIGINAL RECORD FILED IN TARRANT COUNTY, TEXAS; MARY LOUISE GARCIA, COUNTY CLERK

D209237361

Required Insurance Coverages in a form acceptable to Beneficiary at least ten (10) days before the expiration of the Required Insurance Coverages;

5.      abide by and fully perform any and all obligations, covenants, or duties of Beneficiary under the Prior Lien relating to the Property;

6.      obey all laws, ordinances, and restrictive covenants applicable to the Property;

7.      keep any buildings occupied as required by the insurance policy;

8.      notify Beneficiary of any change of address; and

9.      Grantor agrees not to grant any junior lien or security interest in the Property or to permit any junior encumbrance to be recorded or any claimed or otherwise become an encumbrance against the Property.

B.   Beneficiary's Rights

1.      Beneficiary may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.      If the proceeds of the Note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all the rights and liens of the holders of any debt so paid.

3.      Beneficiary may apply any proceeds received under any insurance policies either to reduce the Note or to repair or replace damaged or destroyed improvements covered by the policy.

4.      Notwithstanding Note terms to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor under the Note or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary under the Note, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.

5.      If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6.      If there is a default on the Note, a default on the Required Repairs Agreement executed of even date herewith between Grantor and Beneficiary, or if Grantor fails to perform any of Grantor's obligations in this deed of trust and the default continues after any required notice of the default and the time allowed to cure Beneficiary may —

a.      declare the unpaid principal balance and earned interest on the Note immediately due;

b.      direct Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect;

c.      purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note; and


TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS;
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

d.      pursue such other remedies as available at law or in equity.

7.      Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

C.      Trustee's Rights and Duties

If directed by Beneficiary to foreclose this lien, Trustee will ---

1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.      sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.      from the proceeds of the sale, pay, in this order ---

   a.      expenses of foreclosure, including a reasonable commission to Trustee;

   b.      to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

   c.      any amounts required by law to be paid before payment to Grantor; and

   d.      to Grantor, any balance; and

4.      be indemnified by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

D.      General Provisions

1.      If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.      Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.      Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.      This lien will remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the Property is released.

5.      If any portion of the Note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.


TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

6.     Grantor assigns to Beneficiary all amounts payable to or received by Borrower from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Beneficiary will either release any remaining amounts to Grantor or apply such amounts to reduce the Note. Beneficiary will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7.     Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the Note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the Note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the Property. Beneficiary will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the Note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Grantor's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Beneficiary's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8.     Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.     In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien or real estate or create a lien otherwise prohibited by law.

10.     When the context requires, singular nouns and pronouns include the plural.

11.     The term *Note* includes all extensions, modifications, restatements, amendments, and renewals of Note 1 and Note 2 and all amounts secured by this deed of trust.

12.     This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

13.     If all or any part of the Property is sold, transferred, or conveyed without the prior written consent of Beneficiary, Beneficiary may, at Beneficiary's sole option, declare the outstanding principal balance of the Note plus accrued interest immediately due and payable. Beneficiary has no obligation to consent to any such sale or conveyance of the Property, and Beneficiary is entitled to condition any consent on a change in the interest rate that will thereafter apply to the Note and any other change in the terms of the Note or this deed of trust that Beneficiary in Beneficiary's sole discretion deems appropriate. A lease for



TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

a period longer than three years, a lease with an option to purchase, or a contract for deed will be deemed to be a sale, transfer, or conveyance of the Property for purposes of this provision. Any deed under threat or order of condemnation, any conveyance solely between makers, and the passage of title by reason of death of a maker or by operation of law will not be construed as a sale or conveyance of the Property. The creation of a subordinate lien without the consent of Beneficiary will be construed as a sale or conveyance of the Property, but any subsequent sale under a subordinate lien to which Beneficiary has consented will not be construed as a sale or conveyance of the Property.

14.    Grantor may not cause or permit any of the following events to occur without the prior written consent of Beneficiary: If Grantor is (a) a corporation, the dissolution of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock; (b) a limited liability company, the dissolution of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests; (c) a general partnership or joint venture, the dissolution of the partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint venturer; or (d) a limited partnership, (1) the dissolution of the partnership, (2) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (3) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (4) the withdrawal from or admission into it of any controlling limited partner or partners. If granted, consent may be conditioned upon (a) the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Beneficiary; and (b) the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security interest in such ownership) of written modification or assumption agreement containing such terms as Beneficiary may require, such a principal pay down on the Note, an increase in the rate of interest payable with respect to the Note, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Note.

15.    If Grantor and Maker are not the same person, the term *Grantor* includes Maker.

16.    Grantor and each surety, endorser, and guarantor of the Note waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

17.    Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

18.    If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

19.    This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

20.    Grantor represents to Beneficiary that no part of the Property is the residential homestead of Grantor and that Grantor does not reside nor intends to reside in the Property. Grantor renounces all present and future rights to a homestead exemption for the Property. Grantor acknowledges that Lender relies on the truth of representations in this paragraph in making the loan secured by this deed of trust.

21.    The debt evidenced by the Note is in part payment of the purchase price of the Property; said debt is secured by this deed of trust and by a vendor's lien on the Property, which is expressly contained in a deed to Grantor of even date given by Beneficiary. This deed of trust does not waive the vendor's lien, and the


TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

two liens and the rights created by this deed of trust are cumulative. Beneficiary may elect to foreclose either of the liens without waiving the other or may foreclose both.

22.     Grantor agrees to make an initial deposit in an amount to be determined by Beneficiary to pay for any amounts, other than the payment of the outstanding principal amount, which Beneficiary is required to pay pursuant to the Prior Note or Prior Lien, including, but not limited to taxes, assessments, special assessments, and fire, casualty, liability, loss of rental income, and other insurance premiums, encumbrances and leasehold payments, security deposits, or other obligations required to be paid with respect to the Property or Impositions required by the Prior Lien. Grantor agrees to make monthly payments to a fund for the payment of the above-described expenses with respect to the Property, which may be adjusted from time to time by Beneficiary. Monthly payments will be made on the payment dates specified in the Note and each payment will be one-twelfth (1/12) of the amount that Beneficiary estimates will be required annually for payment of the above-described expenses (which may be increased or decreased from time to time in the sole discretion of Beneficiary). The fund will accrue no interest and Beneficiary will pay such amounts to the holder of the Prior Lien pursuant to the terms of the Prior Lien. If any excess accumulates in the fund, Beneficiary will credit such excess to the final payment amount on the Note.

E.    Wraparound Provisions

1.    This conveyance is made in trust to secure the payment of the Note, which is incorporated herein by reference, which is an all-inclusive note which includes its principal amount the unpaid principal balance of the Prior Note described in the Prior Lien. The lien created by this deed of trust is subordinate to the Prior Lien. Grantor has not assumed payment of the Prior Note, but as long as no default by Grantor exists, Beneficiary is obligated to pay it according to its terms. Beneficiary agrees to timely pay all installment payments due on the Prior Note and to deliver to Grantor a good and sufficient release of the Prior Lien at the time Grantor pays the entire Note secured by this deed of trust to Beneficiary. In the event of default in payment of the Prior Note by Beneficiary, Grantor will have the right to cure any such default as long as Grantor is not in default in payment of the Note secured by this deed of trust or in default in performance of the covenants of this deed of trust. If Grantor cures a default in payment of the Prior Note, Grantor may receive credit on the Note secured by this deed of trust for all amounts so paid as of the date of the payment, in accordance with the terms of the Note; provided, however, that the credit that Grantor is entitled receive shall be limited solely to the outstanding principal of such Prior Note that has been paid by Grantor and not any penalties, default interest or other amounts due on the Prior Note. If Beneficiary fails to make when due any deposit to the Accumulation Account provided for under the Prior Lien, Grantor will have the right to make such deposit as long as Grantor is not in default in payment of the Note secured by this deed of trust or in performance of the covenants of this deed of trust. If Grantor makes such a deposit, Grantor will receive credit on the reserve fund provided for in Section D(22) of this deed of trust for all amounts so deposited as of the date of the deposit.

2.    On receipt of payment and from the proceeds of Grantor, Beneficiary shall pay each and every installment of principal and interest on the Prior Note before it becomes due and payable.

3.    In the event Beneficiary fails to make payments on the Prior Note when due and payable, Grantor may, at Grantor's sole option, elect to make payments on the Prior Note and deduct those amounts from the amount of the installment due on the Note.

4.    If an event of default occurs on the Prior Note or the Prior Lien, Beneficiary agrees that on receipt by Beneficiary of any notice of default given by the holder of the Prior Note pursuant to it or pursuant to the


TRUE AND CORRECT COPY OF ORIGINAL RECORD FILED IN TARRANT COUNTY, TEXAS; MARY LOUISE GARCIA, COUNTY CLERK

D209237361

Prior Lien, Beneficiary will send to Grantor a copy of the notice of default, and Grantor may, at his or her option, perform any act required in any form or manner deemed expedient to cure the default in the event that Grantor fails to do so.

5. Any event of default of the Prior Note or the Prior Lien shall also constitute an event of default under the Note entitling the Beneficiary to any and all remedies permitted by this deed of trust including declaring the unpaid principal balance and earned interest immediately due and payable.

6. Grantor has the right at any time to prepay the Prior Note upon forty-five (45) days prior written notice to Beneficiary; however, Grantor shall be responsible for the payment of any prepayment charges or penalties or fees which are incurred or assessed under the Prior Note, in connection with the prepayment of such Prior Note.

7. Beneficiary may not, without securing the prior written consent and approval of Grantor:

    a. Alter, renew, rearrange, restructure, or refinance the Prior Note or Prior Lien or modify the Prior Note or Prior Lien;

    b. Provide its consent to the holder of the Prior Note or Prior Lien to alter, renew, rearrange, restructure, or refinance the Prior Note or modify the Prior Note securing it;

    c. Take any action, or authorize any action to be taken, which would have the effect of increasing the total amount of underlying principal of the Prior Note (other than as a result of the accrual of interest, penalties, fees or costs).

8. Any proceeds of insurance policies required to be kept in force under this deed of trust or the Prior Lien are payable to Beneficiary and the holder of the Prior Note "as their interests may appear". To the extent the proceeds of the insurance policies are applied to the Prior Note, Grantor is entitled to a credit on the Note equal to the amount of the payment of proceeds. Grantor agrees to maintain such insurance in such amounts and with such carriers as currently maintained by Beneficiary and as may be required by the Prior Note and Prior Lien including any increases in coverage as may be required. Such policies shall name Grantor as an additional insured through an endorsement to such policies. Beneficiary shall remain on such policies as an additional insured and as the fee manager for procuring insurance. Notwithstanding the preceeding, Beneficiary shall have no liability or obligation to Grantor related to or arising out of such insurance policies, including the amount of coverage or occurrences that are covered. Upon the occurrence of any casualty event for which insurance proceeds are payable, and subject to the terms of the Prior Lien, Beneficiary may elect in its sole and absolute discretion to either make such funds available to Grantor or apply such funds to the amount then outstanding on the Note.

9. Any reference contained herein as to the right of Grantor to pay any amount owing on the Prior Note does not constitute an assumption of personal liability for any of the payment, and does not in any way modify the obligation of Beneficiary to the holder of Prior Note. However, in the event that the Prior Note is declared due and payable or if Beneficiary is declared by the holder of the Prior Note to be in default of the Prior Note or Prior Lien while the Note remains outstanding, the Beneficiary may immediately accelerate the maturity of the Note and may declare all of the unpaid principal and interest on the Note immediately due and payable.

10. In the event that the Prior Note is accelerated by the holder of the Prior Note or if the Prior Note or Prior Lien are otherwise deemed to be in default as a result of, directly or indirectly, the conveyance of the Property to Beneficiary or this deed of trust, Grantor covenants and agrees to indemnify, defend, and hold

       DEED OF TRUST - Page 8


TRUE AND CORRECT COPY OF
ORIGINAL RECORDED IN
TARRANT COUNTY, TEXAS
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

harmless Beneficiary for any obligations under the Prior Note and agrees to pay such Prior Note in full. Grantor agrees to indemnify Beneficiary for any deficiency judgment obtained against Beneficiary by the holder of the Prior Note if Grantor fails to pay such Prior Note in full in accordance with the preceding sentence. Grantor shall be entitled to receive a credit for the outstanding principal it pays on such Prior Note on the Note, but shall not be entitled to receive a credit for any penalties, fees, costs or default interest accruing as a result of any acceleration by the holder of the Prior Note because of the conveyance of the Property to Grantor or this deed of trust.

11.     Grantor represents and warrants to Beneficiary that it either has sufficient liquid assets or has obtained other standby bridge financing in order to pay the Prior Note in full in the event that it becomes due prior to the maturity of the Note.

12.     Every month with the payments due on the Note, Grantor shall also deliver to Beneficiary: (a) a current certified rent roll for the Property; (b) financial statements including (1) profit and loss statement reflecting the operating income and expenses of the Property, (2) balance sheet, and (3) cash flow statement for the period(s) requested by Beneficiary; (c) delinquency report; (d) general ledger report; (e) accounts receivable and accounts payable reports; (f) rental activity reports; and (g) capital expenditure report. In addition, Grantor agrees to provide any and all information, documentation, or reports as may be requested at any time or from time to time by the Holder or Servicer of the Prior Note and Prior Lien. All documents provided by Grantor to Beneficiary pursuant to this paragraph shall be prepared utilizing sound accounting principles, consistently applied, and shall be certified by Grantor to Beneficiary as being true and correct.

13.     The lien, security interest, and other security rights of Beneficiary hereunder shall not be impaired by any indulgence, moratorium, or release granted by Beneficiary, including, but not limited to, any renewal, extension, increase, or modification which Beneficiary may grant with respect to the Note or this deed of trust.

14.     Grantor shall use a third party management company for the management of the Property approved by Beneficiary.

15.     Grantor agrees that although it has not assumed the Prior Note and Prior Lien, it will be bound by all of the terms and provisions thereof and shall promptly observe and perform all covenants, obligations, terms, and provisions of the Prior Note and the Prior Lien, other than the payment of the principal and interest due under the Prior Note, with the same force and effect as if Grantor had executed and delivered the Prior Note and Prior Lien instead of Beneficiary. Grantor agrees to indemnify, defend, and hold Beneficiary harmless from any and all claims, liabilities, actions, and demands of any nature whatsoever accruing out of or resulting from Grantor's failure to carry out its obligations under this paragraph.

GRANTOR:

MANAGEMENT OF SURREY OAKS LLC

By: _____

Name: _Eyjo Gudmundsson_

Title: _Managing Member_

229533v4                                                        DEED OF TRUST - Page 9



TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

STATE OF _Texas_     §
                     §
COUNTY OF _Tarrant_  §
                     §

This Instrument was acknowledged before me on the _28_ day of _August_, 2009 by _Eylo Coudmundsson_ as _managing member_ of Management of Surrey Oaks LLC.

_Heather Nied_
Notary Public, State of _____

HEATHER M. NIEDENS
Notary Public
State of Texas
Comm. Expires 03-17-2012

AFTER RECORDING RETURN TO:
NORTH AMERICAN TITLE COMPANY
8070 PARK LANE, SUITE 200
DALLAS, TEXAS 75231
ATTN: MARSHA REYNOLDS

229533v4                                        DEED OF TRUST - Page 10



TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

## EXHIBIT A

### LEGAL DESCRIPTION

Being Lot 1B1, Block 35 of Woodhaven Country Club Estates, Phase XII, an addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

229533v4                                                          DEED OF TRUST - Page 11



TRUE AND CORRECT COPY OF ORIGINAL RECORD FILED IN TARRANT COUNTY, TEXAS: MARY LOUISE GARCIA, COUNTY CLERK

D209237361

### EXHIBIT B

### EXCEPTIONS

1. The following restrictive covenants of record itemized below:

   Volume 6652, Page 267; Volume 6653, Page 788, Volume 388-157, Page 64; and Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

2. Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3. Standby fees, taxes and assessments by any taxing authority for the year 2009, and subsequent years.

4. Visible and apparent easements on or across the property covered by this policy which may not appear of record.

5. Rights of parties in possession.

6. Terms, conditions, provisions, and covenants set forth in instruments recorded in Volume 6652, Page 267; Volume 6653, Page 788; Volume 388-157, Page 64; and Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

7. Fifteen foot (15') sanitary sewer easement, together with appurtenances, across Northern portion granted in Easement Agreement from B.B. Corner, et al to City of Fort Worth, dated February 26, 1965, filed March 17, 1965, recorded in Volume 4043, Page 665, Official Public Records, Tarrant County, Texas and shown on plat recorded in Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

8. Ten foot (10') overhead and/or underground electrical easement, together with appurtenances, through the property granted in Easement and Right Of Way from George W. Owen to Texas Electric Service Company, dated September 22, 1983, filed October 24, 1983, recorded in Volume 7649, Page 675, Official Public Records, Tarrant County, Texas.

9. Plat recorded in Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas, discloses the following matters:

   a. Twenty foot (20') building line along the East property line;
   b. Five foot (5') utility easement along the North, South and West property lines;
   c. Variable width floodway easement along the North property line;
   d. A portion of a seventeen foot by sixty foot (17' x 60') drainage easement at the Northeast property corner;
   e. Twenty-six foot (26') emergency access and utility easement through the Eastern portion of the property;
   f. Four, twenty foot by twenty foot (20' x 20') triangular public open space easements along the East property line;
   g. Fifteen foot by fifteen foot (15' x 15') drainage easement along the East property line;
   h. Ten foot by ten foot (10' x 10') utility easement near the East property line, adjacent to the south line of a portion of the 26' emergency access and utility easement;

229533v4

DEED OF TRUST – Page 12



TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS;
MARY LOUISE GARCIA, COUNTY CLERK

D209237361

    i.    Variable width floodplain easement at the Southeast property corner;
    j.    Eighteen foot by twenty-six foot (18' x 26') drainage and utility easement along the South property line, adjacent to a portion of the 26' emergency access and utility easement;
    k.    The requirement by the City of Fort Worth in its acceptance of the plat, that the existing creek, stream, river, lake, or drainage channel traversing the property be maintained by the individual property owners as an open channel, and the City is relieved from any liability as a result of the flooding of same.

10.    Terms, conditions and stipulations of unrecorded Lease Agreement made and entered into on September 13, 1988 by and between Trans-T Investments, Inc., as Lessor, and Network Multi-Family Security Corporation, as Lessee, as evidenced by Memorandum of Lease dated September 13, 1988, filed November 5, 1990, recorded in Volume 10088, Page 240, Official Public Records, Tarrant County, Texas.

11.    Terms, conditions, and provisions of unrecorded oil, gas and mineral l ease, dated August 31, 2005, by and between Surrey Oaks, LLC, as Lessor, and Four Sevens Oil Co., Ltd., as Lessee, as evidenced by Memorandum of Oil and Gas Lease dated August 31, 2005, filed September 22, 2005, recorded under Document No. D205281704, Official Public Records, Tarrant County, Texas and as affected by Declaration of Pooled Unit Woodhaven Unit, filed March 5, 2008, recorded under Document No. D208078202, Official Public Records, Tarrant County, Texas.

12.    Rights of Regional Water District to assess taxes and issue bonds.

13.    Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey of the property.

14.    Rights of tenants in possession, as tenants only, under any unrecorded leases or rental agreements.

15.    Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated July 19, 2004, filed July 20, 2004, recorded under Document No. D204225058, Official Public Records, Tarrant County, Texas, executed by Surrey Oaks, LLC, a Washington limited liability company, to Robert A. Rosenthal, Trustee, securing payment of one note in the principal sum of $2,287,500.00, and other indebtedness and performance for the benefit of CitiBank, FSB, a federal savings bank as therein provided, and all of the terms, provisions, and conditions of said instrument including but not limited to the due on sale provisions contained therein, and consequences of default arising from failure to obtain lender's written consent to the transaction.

Absolute Assignment of Rents and of Landlord's Interest in Leases from Surrey Oaks, LLC, a Washington limited liability company to CitiBank, FSB, a federal savings bank, dated July 19, 2004, filed July 20, 2004, recorded under Document No. D204225059, Official Public Records, Tarrant County, Texas.

Assignment of Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing from CitiBank, N.A., a national banking association, successor by merger to CitiBank, FSB, a federal savings bank to Fannie Mae, dated effective June 20, 2008, filed August 5, 2008, recorded under Document No. D208305271, Official Public Records, Tarrant County, Texas.

A CERTIFIED COPY
ATTEST: 09-30-2016
MARY LOUISE GARCIA, County Clerk
Tarrant County, Texas

D209237360



**Electronically Recorded**
Official Public Records

Tarrant County Texas
2009 Sep 03 12:48 PM
Fee: $ 32.00

**D209237360**

NATC 14701-09 00237/MI

NOTICE OF CO~~Cayenne Blakeney~~ ) F YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE OUT ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## SPECIAL WARRANTY DEED WITH VENDOR'S LIEN
### (SUBJECT TO EXISTING DEBT)

| | |
|---|---|
| Date: | August 28, 2009 |
| Grantor: | Surrey Oaks, LLC, a Washington limited liability company |
| Grantor's Mailing Address: | 12000 NE 8th Street, Suite 200, Bellevue, Washington 98005 |
| Grantee: | Management of Surrey Oaks LLC |
| Grantee's Mailing Address: | 9086 Alexandra Circle, Wellington, Florida 33414 |

**EXHIBIT**
"B"

Consideration:

Cash, a Note of even date in the principal amount of Two Million One Hundred Eighteen Thousand Seven Hundred Eighty-Two and 42/100 Dollars ($2,118,782.42) executed by Grantee, payable to the order of Grantor ("Wraparound Lien Debt") and a Note of even date in the principal amount of Five Hundred Thirty-One Thousand Two Hundred Seventeen and 58/100 Dollars ($531,217.58) executed by Grantee, payable to the order of Grantor ("Seller Financing Debt"). The Wraparound Lien Debt and the Seller Financing Debt are secured by a vendor's lien herein retained and a Deed of Trust of even date from Grantee to Bryon R. Hammer, Trustee.

Property (including any improvements):

Being a certain tracts of land described on **Exhibit A**, which is attached hereto and made a part hereof for all purposes, together with all improvements thereon situated in Tarrant County, Texas.

Exceptions to Conveyance and Warranty:

This conveyance is being made by Grantor and accepted by Grantee subject to: (1) taxes for 2009 which Grantee assumes and agrees to pay; (2) all zoning laws, regulations and ordinances of municipal and other governmental authorities, if any; and (3) those matters set forth on **Exhibit B**.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, when the claim is by, through, or under Grantor but not otherwise, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

229537v1                                    SPECIAL WARRANTY DEED WITH VENDOR'S LIEN - Page 1

 TRUE AND CORRECT COPY OF ORIGINAL RECORD FILED IN TARRANT COUNTY, TEXAS; MARY LOUISE GARCIA, COUNTY CLERK

D209237360

This conveyance is made subject to that certain indebtedness described in and secured by that certain July 19, 2004 Deed of Trust recorded on July 20, 2004 under Clerk's File No. D204225058, Deed Records, Tarrant County, Texas, executed by Grantor to Robert A. Rosenthal, Trustee for the benefit of Citibank, FSB, a federal savings bank, said instrument securing the payment of the Adjustable Rate Promissory Note in the original principal amount of $2,287,500.00, payable to Citibank, FSB, a federal savings bank, as payee, and the Absolute Assignment of Rents and of Landlord's Interest in Leases from Grantor to CitiBank, FSB, a federal savings bank, dated July 19, 2004, filed July 20, 2004, recorded under Document No. D204225059, Official Public Records, Tarrant County, Texas, as assigned pursuant to that Assignment of Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing from CitiBank, N.A., a national banking association, successor by merger to CitiBank, FSB, a federal savings bank, to Fannie Mae, dated effective June 20, 2008, filed August 5, 2008, recorded under Document No. D208305271, Official Public Records, Tarrant County, Texas, a copy of which has been provided to Grantee.

The vendor's lien against and superior title to the Property are retained until the Wraparound Lien Debt and Seller Financing Debt described herein are fully paid according to their terms, at which time this deed will become absolute.

When the context requires, singular nouns and pronouns include the plural.

GRANTOR:

SURREY OAKS, LLC, a Washington limited liability company

By:

Name: *Stanley Xu*

Title: *Managing Member*

STATE OF *Texas* §
§
COUNTY OF *Tarrant* §

This instrument was acknowledged before me on the *28* day of *Aug*, 2009 by *Stanley Xu* as *Managing Member* of Surrey Oaks, LLC, a Washington limited liability company.

HEATHER M. NIEDENS
Notary Public
State of Texas
Comm. Expires 03-17-2012

Notary Public, State of _____

AFTER RECORDING RETURN TO:

NORTH AMERICAN TITLE COMPANY
8070 PARK LANE, SUITE 200
DALLAS, TEXAS 75231
ATTN: MARSHA REYNOLDS



TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237360

## EXHIBIT A

### LEGAL DESCRIPTION

Being Lot 1B1, Block 35 of Woodhaven Country Club Estates, Phase XII, an addition to the City of Fort Worth, Tarrant County, Texas, according to the Plat thereof recorded in Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.



TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS:
MARY LOUISE GARCIA, COUNTY CLERK

D209237360

### EXHIBIT B

### EXCEPTIONS

1. The following restrictive covenants of record itemized below:

   Volume 6652, Page 267; Volume 6653, Page 788, Volume 388-157, Page 64; and Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

2. Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3. Standby fees, taxes and assessments by any taxing authority for the year 2009, and subsequent years.

4. Visible and apparent easements on or across the property covered by this policy which may not appear of record.

5. Rights of parties in possession.

6. Terms, conditions, provisions, and covenants set forth in instruments recorded in Volume 6652, Page 267; Volume 6653, Page 788; Volume 388-157, Page 64; and Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

7. Fifteen foot (15') sanitary sewer easement, together with appurtenances, across Northern portion granted in Easement Agreement from E.B. Comer, et al to City of Fort Worth, dated February 26, 1965, filed March 17, 1965, recorded in Volume 4043, Page 665, Official Public Records, Tarrant County, Texas and shown on plat recorded in Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas.

8. Ten foot (10') overhead and/or underground electrical easement, together with appurtenances, through the property granted in Easement and Right Of Way from George W. Owen to Texas Electric Service Company, dated September 22, 1983, filed October 24, 1983, recorded in Volume 7649, Page 675, Official Public Records, Tarrant County, Texas.

9. Plat recorded in Cabinet A, Slide 2052, Official Public Records, Tarrant County, Texas, discloses the following matters:

   a. Twenty foot (20') building line along the East property line;
   b. Five foot (5') utility easement along the North, South and West property lines;
   c. Variable width floodway easement along the North property line;
   d. A portion of a seventeen foot by sixty foot (17' x 60') drainage easement at the Northeast property corner;
   e. Twenty-six foot (26') emergency access and utility easement through the Eastern portion of the property;
   f. Four, twenty foot by twenty foot (20' x 20') triangular public open space easements along the East property line;
   g. Fifteen foot by fifteen foot (15' x 15') drainage easement along the East property line;
   h. Ten foot by ten foot (10' x 10') utility easement near the East property line, adjacent to the south line of a portion of the 26' emergency access and utility easement;
   i. Variable width floodplain easement at the Southeast property corner;

229537v1                                        SPECIAL WARRANTY DEED WITH VENDOR'S LIEN – Page 4


TRUE AND CORRECT COPY OF
ORIGINAL RECORD FILED IN
TARRANT COUNTY, TEXAS;
MARY LOUISE GARCIA, COUNTY CLERK

D209237360

j.   Eighteen foot by twenty-six foot (18' x 26') drainage and utility easement along the South property line, adjacent to a portion of the 26' emergency access and utility easement;

k.   The requirement by the City of Fort Worth in its acceptance of the plat, that the existing creek, stream, river, lake, or drainage channel traversing the property be maintained by the individual property owners as an open channel, and the City is relieved from any liability as a result of the flooding of same.

10.   Terms, conditions and stipulations of unrecorded Lease Agreement made and entered into on September 13, 1988 by and between Trans-T Investments, Inc., as Lessor, and Network Multi-Family Security Corporation, as Lessee, as evidenced by Memorandum of Lease dated September 13, 1988, filed November 5, 1990, recorded in Volume 10088, Page 240, Official Public Records, Tarrant County, Texas.

11.   Terms, conditions, and provisions of unrecorded oil, gas and mineral lease, dated August 31, 2005, by and between Surrey Oaks, LLC, as Lessor, and Four Sevens Oil Co., Ltd., as Lessee, as evidenced by Memorandum of Oil and Gas Lease dated August 31, 2005, filed September 22, 2005, recorded under Document No. D205281704, Official Public Records, Tarrant County, Texas and as affected by Declaration of Pooled Unit Woodhaven Unit, filed March 5, 2008, recorded under Document No. D208078202, Official Public Records, Tarrant County, Texas.

12.   Rights of Regional Water District to assess taxes and issue bonds.

13.   Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the title that would be disclosed by an accurate and complete land survey of the property.

14.   Rights of tenants in possession, as tenants only, under any unrecorded leases or rental agreements.

15.   Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing dated July 19, 2004, filed July 20, 2004, recorded under Document No. D204225058, Official Public Records, Tarrant County, Texas, executed by Surrey Oaks, LLC, a Washington limited liability company, to Robert A. Rosenthal, Trustee, securing payment of one note in the principal sum of $2,287,500.00, and other indebtedness and performance for the benefit of CitiBank, FSB, a federal savings bank as therein provided, and all of the terms, provisions, and conditions of said instrument including but not limited to the due on sale provisions contained therein, and consequences of default arising from failure to obtain lender's written consent to the transaction.

Absolute Assignment of Rents and of Landlord's Interest in Leases from Surrey Oaks, LLC, a Washington limited liability company to CitiBank, FSB, a federal savings bank, dated July 19, 2004, filed July 20, 2004, recorded under Document No. D204225059, Official Public Records, Tarrant County, Texas.

Assignment of Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing from CitiBank, N.A., a national banking association, successor by merger to CitiBank, FSB, a federal savings bank to Fannie Mae, dated effective June 20, 2008, filed August 5, 2008, recorded under Document No. D208305271, Official Public Records, Tarrant County, Texas.

A CERTIFIED COPY
09-30-2010
ATTEST:
MARY LOUISE GARCIA, County Clerk
Tarrant County, Texas
BY:                                    Deputy