Case 4:16-cv-00516-A Document 64 Filed 07/19/17 Page 1 of 15 PageID 3592

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 19 2017

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SURREY OAKS LLC, STANLEY XU, and NANLING CHEN, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:16-CV-516-A |
| EVANSTON INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Evanston Insurance Company ("Evanston"), for summary judgment. Plaintiffs, Surrey Oaks LLC, Stanley Xu ("Xu"), and Nanling Chen ("Chen"), have filed a response, and Evanston has filed a reply. Having considered the motion, the response, the reply, the entire summary judgment record, and applicable legal authorities, the court concludes that Evanston's motion should be granted.

I.

Background

Surrey Oaks LLC initiated this action by filing an original complaint in the 352nd Judicial District Court of Tarrant County, Texas. On June 22, 2016, Evanston removed the action to this court. Doc.[1] 1. Plaintiffs' live pleading is their third amended

---

[1] The "Doc. _" references are to the number of the item on the docket in this action.

complaint filed January 30, 2017. In such complaint, plaintiffs assert the following claims against Evanston: (1) breach of contract; and (2) violations of Chapter 542 of the Texas Insurance Code. As damages, plaintiffs seek $211,285.47 in insurance proceeds plus 18% interest pursuant to the Texas Insurance Code, additional prejudgment interest under Texas law, and reasonable attorney's fees.

II.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Surrey Oaks LLC was a limited liability company formed under the laws of the State of Washington on March 30, 2004. Doc. 58 at 1. Its managing members were Xu and Chen. See id. at 8-9. On July 15, 2004, Surrey Oaks LLC purchased property located at 525 King George Drive, Fort Worth, Texas (the "Apartments"). Doc. 38 at 2-3, 32. To finance the purchase, Surrey Oaks LLC executed a promissory note and deed of trust in favor of Citibank FSB ("Citibank") (the "first Deed of Trust"). Doc. 58 at 28. Citibank subsequently assigned all rights under the first Deed of Trust to Fannie Mae effective June 20, 2008. Id. at 51-55.

On August 28, 2009, Surrey Oaks LLC sold the Apartments to Management of Surrey Oaks LLC ("Management"), id. at 70-71, by a deed that contained a Vendor's Lien in favor of Surrey Oaks LLC, id. Management gave a deed of trust to Surrey Oaks LLC to secure notes given by Management to Surrey Oaks LLC as part of the purchase price (the "second Deed of Trust"). Id. at 57. The second Deed of Trust required Management to maintain insurance on the Apartments and to name Surrey Oaks LLC as an additional insured. See id. at 64. Management subsequently purchased an insurance policy from Evanston, but the policy did not name Surrey Oaks LLC as an additional insured. Id. at 428. Fannie Mae was named in the policy as a mortgage holder. Id. at 429.

On September 10, 2009, Chen filed a certificate of cancellation of Surrey Oaks LLC with the Washington Secretary of State. Id. at 75-76. The reason for cancellation was that "[t]he property [the Apartments] was sold recently." Id. at 76.[2]

On or about May 25, 2011, the Apartments suffered a loss that was covered by the Evanston insurance policy. Doc. 58 at 420-22. As a result, Evanston issued a check dated May 23, 2012, drawn on its account at SunTrust Bank ("SunTrust") for $211,285.47, naming "[the Apartments] and Fannie Mae, ISAOA

---

[2] The court has not concerned itself with the regularity of the cancellation of Surrey Oaks LLC. Each side assumes that the cancellation was regular and effective. Doc. 38 at 32, ¶ 4; Doc. 61 at 20-21; Doc. 57 at 12-14, ¶¶ 32-38.

3

[Management]" as payees. Id. at 423. SunTrust honored the check without the endorsement of Fannie Mae. Doc. 38 at 274-75, Req. Admis. 5. After discovering that the check had been issued, Xu made a claim to Evanston for the insurance proceeds, which Evanston twice denied. Id. at 34-35, ¶¶ 9-12.

On March 27, 2013, after Surrey Oaks LLC defaulted on the promissory note secured by the first Deed of Trust, Fannie Mae filed an emergency application for the appointment of receiver in the 256th Judicial District Court of Tarrant County, Texas. Doc. 58 at 80. Fannie Mae filed an amended petition on April 3, 2013 after discovering the second Deed of Trust between Surrey Oaks LLC and Management. Id. at 194. On November 21, 2013, the appointed receiver filed his report of sale and motion to approve an agreement to sell the Apartments and to confirm the sale of the Apartments. Id. at 318. The receiver stated the following as to the second Deed of Trust:

> 3. On or about September 3, 2009, [Surrey Oaks LLC] executed and delivered a deed purportedly conveying its fee interest in a portion of [Surrey Oaks Apartments] to [Management] in exchange for the execution and delivery by [Management] to [Surrey Oaks LLC] of a Deed of Trust securing a purported $2,650,000.00 indebtedness, recorded as Instrument No. D209237361 in the Deed Records of Tarrant County, Texas (the "[second Deed of Trust]"), pursuant to which [Surrey Oaks LLC] ostensibly holds a security interest in and to [the Apartments]. Both the deed purportedly conveying [Surrey Oaks LLC's] fee interest in the Apartments] and the [second Deed of Trust] were

4

executed, delivered and recorded in violation of the
provisions of the [first Deed of Trust].

Id. at 319. The receiver requested that the state court approve the agreement and confirm that the receiver was authorized to sell the Apartments "including without limitation [Surrey Oaks LLC's] purported security interest under the [second Deed of Trust]." Id. at 320. On December 5, 2013, the state court granted the receiver's motion, and authorized him "to proceed with the sale of [the Apartments], along with any and all of [Surrey Oaks LLC's] and [Management's] interests therein, including without limitation [Surrey Oaks LLC's] purported security interest under the [second Deed of Trust]." Id. at 415-16.

III.

Grounds of Evanston's Motion

Evanston first argues that it is entitled to judgment as a matter of law because Surrey Oaks LLC lacks capacity to sue and Xu and Chen are not real parties in interest. Second, Evanston contends that plaintiffs' breach of contract claim fails for three independent reasons: (1) plaintiffs sold, conveyed, and assigned away their rights to all policy proceeds under the first Deed of Trust; (2) plaintiffs' substantive rights to the policy proceeds, if any, were sold and conveyed in the 2013 receivership proceeding in Tarrant County; and (3) Evanston had no notice of the second Deed of Trust. Finally, Evanston argues that

plaintiffs' claims under Chapter 542 of the Texas Insurance Code are precluded because Evanston is not liable for breach of contract, and, in any event, such claims would be barred by limitations.

IV.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment on a claim or defense if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. The summary judgment movant bears the initial burden of showing that there is no genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can carry this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify specific evidence in the record and articulate the precise manner that creates a genuine dispute of material fact. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must

support the assertion by . . . citing to particular parts of materials in the record . . . ."). A fact is material if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a rational fact finder could resolve the dispute in favor of either party. Id.

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

V.

Analysis

A. Evanston Did Not Have a Payment Obligation to Plaintiffs

When a mortgagor breaches an agreement to name mortgagee as an additional insured under an insurance policy, the mortgagee

7

may seek to enforce the terms of the agreement by suit directly against the insurer. See Wade v. Seeburg, 688 S.W.2d 638, 639 (Tex. App—Texarkana 1985, no writ). However, "if the insurer is not informed of the agreement, it is not bound thereby, but after the information is given to it, the duty rests upon the insurer to treat the proceeds of the policy as though such a provision was written into the policy." Farmers Ins. Exch. v. Nelson, 479 S.W.2d 717, 720 (Tex. Civ. App.—Waco 1972, writ ref'd n.r.e.) (quoting Fid. & Guar. Ins. Corp. v. Super-Cold Sw. Co., 225 S.W.2d 924, 927 (Tex. Civ. App.—Amarillo 1949, writ ref'd n.r.e.)). The mortgagee is entitled "to recover his pro rata share of any funds payable under the policy at the time the insurer learned of his interest." Westchester Fire Ins. Co. v. English, 543 S.W.2d 407, 414-15 (Tex. Civ. App.—Waco 1976, no writ).

Here, plaintiffs contend that Evanston had either constructive or actual knowledge of the second Deed of Trust and therefore is liable to plaintiffs for the proceeds under the insurance policy. Plaintiffs claim that Evanston can be charged with constructive notice because the second Deed of Trust was duly recorded on September 3, 2009, prior to when the insurance policy became effective. And, plaintiffs assert that Evanston had actual notice of the second Deed of Trust by August 21, 2012,

8

when an alleged agent of Evanston sent an email concerning Evanston's issuance of the check, and by September 4, 2012, when Xu first submitted a claim to Evanston for the insurance proceeds.

Constructive notice of a duly recorded instrument extends "only to those who are bound to search for it, such as subsequent purchasers under the grantor in such an instrument." Cox v. Clay, 237 S.W.2d 798, 804 (Tex. Civ. App.—Amarillo 1950, writ ref'd n.r.e.). Plaintiffs have not cited any legal authority for the proposition that insurers are also under such an obligation, and the court finds none. Thus, plaintiffs' constructive notice theory is without merit.

Even if Evanston had actual notice of the second Deed of Trust by August 21, 2012 or September 4, 2012 as alleged by plaintiffs, Evanston had already issued its claims check months beforehand. Evanston issued its claims check on May 23, 2012 and it was honored by SunTrust on May 29, 2012. See Doc. 58 at 423. The law clearly states that an insurer is not bound by such an agreement until it has knowledge of the agreement, see Farmers Ins. Exch., 479 S.W.2d at 720; Westchester Fire Ins. Co., 543 S.W.2d at 414-15, and plaintiffs have provided no evidence that Evanston had knowledge of the second Deed of Trust before it issued the check.

Plaintiffs also argue that after SunTrust honored Evanston's check without the endorsement of Fannie Mae, Evanston could have sought to recover the check funds from SunTrust on the theory of wrongful conversion, and then could have reissued the check naming Surrey Oaks LLC as co-payee. Even if Evanston was entitled to take such action, plaintiffs have identified no legal authority that would compel Evanston to do so, especially absent any apparent attempt by Fannie Mae to recover the check funds.

Accordingly, at the time it issued its claims check, Evanston was not required to include Surrey Oaks LLC as a payee, and plaintiffs' breach of contract claim fails as a matter of law.

B.   <u>The Other Grounds of Evanston's Motion</u>

Considering some of the other grounds of Evanston's motion as additional reasons why it should be granted, the court concludes that the summary judgment record establishes as a matter of law that Surrey Oaks LLC lacked capacity to prosecute this action and Xu and Chen are not real parties in interest.[3]

---

[3] The court finds that it need not consider the other alternative grounds of Evanston's motion as described in part III of this memorandum opinion and order, <u>supra</u>.

10

1. <u>Surrey Oaks LLC Lacked Capacity to Prosecute this Action</u>

The parties agree that the law of the State of Washington governs whether Surrey Oaks LLC has capacity to bring this lawsuit. Under Washington State law as it existed in 2009, the year Chen filed the certificate of cancellation of Surrey Oaks LLC with the Washington Secretary of State, Doc. 58 at 75-76, a limited liability company's ability to sue ended upon cancellation. <u>Chadwick Farms Owners Ass'n v. FHC LLC</u>, 207 P.3d 1251, 1261-62 (Wash. 2009) (en banc); <u>HB Dev., LLC v. W. Pac. Mut. Ins.</u>, 86 F. Supp. 3d 1164, 1174-75 (E.D. Wash. 2015). Thus, after Surrey Oaks LLC was cancelled in September 2009, it no longer retained the capacity to bring a lawsuit.

Plaintiffs argue that the 2016 enactment of RCW 25.15.297, a Washington statute, applies retroactively and allows a dissolved limited liability company such as Surrey Oaks LLC to prosecute actions as part of winding up its activities. Alternatively, plaintiffs contend that "the issue of retroactivity is irrelevant," because the "precipitating event" for plaintiffs' application of RCW 25.15.297 occurred after the effective date of the statute.

Under Washington State law, statutory amendments are presumed to be prospective unless there is a legislative intent to apply the statute retroactively or the amendment is clearly

11

curative or remedial. Houk v. Best Dev. & Constr. Co., Inc., 322 P.3d 29, 31 (Wash. Ct. App. 2014) (citing Johnson v. Cont'l W., Inc., 663 P.2d 482 (Wash. 1983)). "A statute which provides a claimant with the right to proceed against persons previously outside the scope of the statute deals with a substantive right, and therefore applies prospectively only." Id. at 32 (quoting Dep't of Ret. Sys. v. Kralman, 867 P.2d 643 (Wash. Ct. App. 1994)).

Contrary to plaintiffs' assertions, RCW 25.15.297 is not retroactive. Surrey Oaks LLC has not identified, and the court is not aware of, any authority that would support its contention that RCW 25.15.297 applies retroactively. And, if RCW 25.15.297 were construed to permit a previously cancelled limited liability company to initiate a lawsuit as part of winding up its activities, it would confer a right previously outside the scope of the statute, and thus would be a substantive right that applies prospectively only. Cf. Pointe at Westport Harbor Homeowners' Ass'n v. Eng'rs Nw., Inc., P.S., 376 P.3d 1158 (Wash. App. Ct. 2016) (unpublished text) (holding that 2010 amendments to RCW 25.15 did not apply retroactively). Thus, Surrey Oaks LLC's capacity to bring suit is not revived by RCW 25.15.297.

Plaintiffs' "precipitating event" argument is also without merit. Plaintiffs argue that the "issue of retroactivity is

irrelevant" because the "precipitating event" for the application of RCW 25.15.297 is the initiation of this action. Doc. 61 at 18. As a result, plaintiffs contend that this action involves a prospective application of RCW 25.15.297 and "retroactive application is not at issue." Id.

If anything, the precipitating event relevant to this action would be the filing of Surrey Oaks LLC's certificate of cancellation in 2009. See Chadwick Farms Owners Ass'n, 207 P.3d at 1257 (describing the cancellation of the certificate of formation as the "critical event"). The cases plaintiffs offer in support of their precipitating event argument are wholly inapplicable to the instant action. Moreover, plaintiffs' interpretation of what constitutes a "precipitating event" would render the dichotomy between the prospective/retroactive application of a statute meaningless. Accordingly, Surrey Oaks LLC does not have capacity to prosecute this action.

2. Xu and Chen are not Real Parties in Interest

Rule 17(a) of the Federal Rules of Civil Procedure states that an action must be prosecuted in the name of the real party in interest. "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." Wieburg v. GTE Sw. Inc., 272 F.3d 302, 306 (5th Cir. 2001)

(quoting Farrell Constr. Co. v. Jefferson Par., La., 896 F.2d 136, 140 (5th Cir. 1990)).

Plaintiffs argue that Surrey Oaks LLC's purported right to insurance proceeds under the Evanston insurance policy passed to Xu and Chen upon the cancellation of Surrey Oaks LLC in 2009. However, for the reasons described in subsection A, supra, Surrey Oaks LLC did not hold any substantive right to insurance proceeds under the policy. Consequentially, there were no rights under the policy for Xu and Chen to inherit after Surrey Oaks LLC's cancellation. Thus, Xu and Chen are not real parties in interest to this action.

3. The Chapter 542 Claims Lack Merit

Inasmuch as none of the plaintiffs have a right of recovery from Evanston under the insurance policy in question, none of them has any viable claim under chapter 542 of the Texas Insurance Code.

4. The Claim for Declaratory Judgment

Through its counterclaim for declaratory judgment, Evanston seeks to determine its potential liability as to the very claims plaintiffs assert in their third amended complaint. Because the court has resolved all claims asserted by plaintiffs, the court considers Evanston's counterclaim to be likewise resolved.

VI.

Order

Therefore,

The court ORDERS that Evanston's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs against Evanston be, and are hereby, dismissed.

SIGNED July 19, 2017.

_____
JOHN McBRYDE
United States District Judge